UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD KEMPER and BRANDY GILLMORE,

        Plaintiffs,

   v.

SIERRA TOWING, GARY GONZALES, LMD KIEFER WAREHOUSE LLC,

        Defendants.

2:05-CV-0158-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiffs Edward Kemper and Brandy Gillmore("Plaintiffs") are seeking redress for Defendants Sierra Towing, Gary Gonzales and LMD Kiefer Warehouse LLC alleged failure to provide them with access to the Auto Towing Yards located at 9624 Kiefer Boulevard, Sacramento, California and 8590 Elder Creek Road, Sacramento, California.  Plaintiffs allege violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"), California's Unruh Civil Rights Act, Cal. Civil Code §§ 51 et. seq. ("Unruh Act"), California's Disabled Persons Act, Cal. Civil Code §§ 54 et. seq., negligence and declaratory relief.  Defendant LMD Kiefer Warehouse LLC ("LMD")

now brings this Motion for Determination of Good Faith Settlement.  For the reasons explained below, LMD's Motion is granted.[1]

**BACKGROUND**

 LMD is the owner of the towing yards presently occupied by Sierra Towing.  Plaintiffs allege that the towing yards are characterized by architectural barriers including inaccessible parking; non-compliant signage; inaccessible restrooms; and other inaccessible elements.  Many of these barriers, Plaintiffs contend, constitute safety hazards to persons who use wheelchairs, canes and/or walkers for mobility.  In an effort to resolve the claims lodged against it, Defendant LMD has entered into a settlement agreement with Plaintiffs for the sum of Twelve Thousand Dollars ($12,000) and has agreed to survey and inspect the property located at 9624 Kiefer Boulevard, Sacramento, California to insure that the property is indeed in compliance with the ADA and California disability laws and to correct any condition which is not in compliance therewith.

 LMD is now seeking a judicial determination that the foregoing settlement is a good faith settlement within the meaning of California Code of Civil Procedure section 877.6 and the California Supreme Court decision in *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (Cal. 1985).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**ANALYSIS**

California Code of Civil Procedure Section 877.6 states, in pertinent part:

> (a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . . [para. ] (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. [para. ] (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Here, Defendant LMD has moved for a determination that its settlement with Plaintiffs is a good faith settlement pursuant to the foregoing California statute. It has clarified that, in conformance with its settlement offer, it will bear the expense of rectifying any barriers present on the Kiefer Boulevard property and compensate Plaintiffs Twelve Thousand Dollars ($12,000) for any damages they sustained to date. No other Defendant to this action has come forward with evidence that the foregoing settlement offer is not in good faith.

///
///
///
///
///
///
///

Given the non-opposition by Defendant Sierra Towing and Defendant Gary Gonzales of Defendant LMD's Motion, the Court finds that Defendant LMD's settlement offer has been made in good faith.  Having reviewed the papers, and good cause appearing therefore, Defendant LMD's Motion for Determination of Good Faith Settlement is GRANTED.

IT IS SO ORDERED.

DATED: April 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4