UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDWARD KEMPER and BRANDY GILLMORE,

        Plaintiffs,

   v.

SIERRA TOWING, et al.,

        Defendants.

2:05-cv-00158-MCE-DAD

MEMORANDUM AND ORDER

On April 11, 2007, Edward Kemper and Brandy Gillmore ("Plaintiffs") moved for modification of the May 9, 2005, Pretrial Scheduling Order ("PTSO"). Plaintiffs seek this modification on the ground that ongoing settlement efforts have interfered with timely compliance of the PTSO. No opposition has been filed. As explained below, the Court does not find sufficient cause to warrant amendment of the PTSO. Accordingly, Plaintiffs' Motion is denied.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal.
(continued...)

# BACKGROUND

On January 25, 2005, Plaintiffs filed a Complaint against Defendant Sierra Towing alleging certain violations of the Americans with Disabilities Act, 42 U.S.C. § 1211 et seq., as well as violations of other state laws. On May 9, 2005, the Court issued its PTSO in this matter which provides, in pertinent part, that dispositive motions are to be filed no later than April 3, 2006, and trial is to commence July 16, 2007.

On May 4, 2006, Plaintiffs and Defendants appeared for a settlement conference before the Honorable Judge Dale A. Drozd. That conference did not result in settlement. According to Plaintiffs, Defendants' lack of insurance directly precluded successful resolution of the case. Concurrently with settlement negotiations, the Parties filed stipulated Motions to extend the pre-trial and trial dates. In response to those Motions and on its own Motion, the Court granted extensions of the trial date. However, neither Party has requested nor has the Court elected to extend the dispositive motion deadline.

///
///
///
///
///
///

---

[1](...continued)
Local Rule 78-230(h).

**STANDARD**

Generally, the Court is required to enter a PTSO within 120 days of the filing of a complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *see also Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Id*. at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). *Id.*

**ANALYSIS**

Plaintiffs' argue that settlement negotiations beyond the dispositive motion deadline precluded them from preparing and filing a timely Summary Judgment Motion. Defendants have not filed an opposition to Plaintiffs' Motion nor have they filed a Statement of Non-Opposition. Nonetheless, the Court must assess the propriety of Plaintiffs' request.

///

1   As an initial matter, settlement negotiations can hardly be
2 said to be so involved and proximate to the matter's resolution
3 as to prevent Plaintiffs from concurrently pursuing other legal
4 aspects of the case.  In addition, Plaintiffs do not assert that
5 the settlement attempts alone motivated their delay in filing
6 timely dispositive motions in this matter.  Rather, Plaintiffs
7 merely cite to the many failed settlement attempts as evidence of
8 their diligence in complying with the PTSO.  Given that
9 Plaintiffs could have pursued all legal avenues in this matter
10 concurrently with pursuing settlement, the Court does not find
11 sufficient cause to warrant modification of the PTSO.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Amend the Pretrial Scheduling Order denied.

IT IS SO ORDERED.

Dated: June 1, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE